HARTLEY V. D. HORN, RESPONDENT, v. OWEN D. PERRY AND GIFFITH J. GRIFFITH, APPELLANTS.

*Sureties — when not bound by admissions of principal.*

The plaintiff and Davies, Jones and Beckwith entered into an agreement for the dissolution of a partnership existing between them, which provided that the assets of the firm should be collected or sold, and the proceeds applied to the payment of the debts, and that if any deficiency should arise, one-fourth should be paid by plaintiff, and three-fourths by the other three. This action was brought, to recover three-fourths of a note which plaintiff had been compelled to pay, against the defendants who had signed an instrument guaranteeing that Davies, Jones and Beckwith would perform all the stipulations on their part contained in the agreement for dissolution.

Upon the trial the plaintiff showed that, in the absence of the defendants, he, together with Davies, Jones and Beckwith, had examined the books of the firm, and determined that a deficiency existed and the amount thereof; that he had given his check for one-fourth thereof, and received a receipt from them showing that he had done so; and that subsequently he had been compelled to pay the note to recover a portion of which this action was brought.

*Held*, that the examination of the books of the principals, the determination of a deficiency, and the giving of the check and receipt, in the absence of the sureties, were inadmissible to prove a deficiency as against them.

APPEAL from a judgment entered on a verdict rendered at the Oneida Circuit in favor of the plaintiff, and also from an order denying a motion made by the defendants for a new trial on the minutes of the justice before whom the action was tried.

The action was brought upon an instrument signed by the defendants, by which they guaranteed that Davies, Jones and Beckwith who had theretofore been in co-partnership with the plaintiff, and had then, with him, entered into an agreement to dissolve the partnership, would perform all the stipulations in said agreement on their part contained. Among other stipulations, was one that the demands due to the firm should be collected or sold, and the proceeds applied to the payment of the debts and liabilities of the firm, and if they should be insufficient for that purpose, Davies, Jones and Beckwith should pay three-fourths of the deficiency, and the plaintiff one-fourth. The claim in suit is for three-fourths of the amount subsequently paid by the plaintiff upon a note of Pierce & Haggerty indorsed by the firm.

*E. H. Risley*, for the appellants.

*A. M. Beardsley*, for the respondent.

SMITH, J.:

The principal contract provided that in case the proceeds from the collection and sale of the claims and demands belonging to the firm, estimated to be of the value of $25,000, should be insuffiicient to pay the liabilities and debts of the firm, such deficiency should be paid, three-fourths by the principals of the defendants, and one-fourth by the plaintiff. Thus, the liability of the defendants was limited to three-fourths of any deficiency that the plaintiff should be compelled to pay after the accounts and bills receivable of the firm had been applied in the manner provided by the contract.

In order, therefore, to charge the defendants upon the guaranty, it was incumbent on the plaintiff to show that the demands of the firm had been exhausted and their proceeds applied to the payment of the firm debts. That the plaintiff undertook to prove, but the only evidence on the subject consists of the testimony of the plaintiff tending to show that accounts were sold at auction of the nominal amount of $3,200, that one or two small claims were collected by him, and that he and the principals, in the absence of the defendants, looked over the books of the firm and found there was a deficiency of $491.89, for which he gave his check to the principals and they gave him a receipt. In such settlement of the deficiency the note of Pierce & Haggerty, thereafter paid by the plaintiff, and to recover three-quarters of which payment this action was brought, was not included. The check and receipt were also in evidence. The books, check and receipt were no evidence whatever, as against the sureties, that the claims had been collected and paid according to the contract. As against the principals, the proof would have been sufficient; but as to the sureties, the contents of the books of the principals, the receipt given by them, their verbal admissions to the plaintiff, and his check, were but the declarations of third persons, by which the sureties were in no manner affected. The latter bound themselves for any deficiency remaining after the claims were applied, not for such deficiency as the principals should admit. These views are fully sustained by authority. (*Hatch* v. *Elkins*, 65 N. Y., 489; *Tenth National Bank* v. *Darragh*, 1 Hun, 111; 1 Greenl. Ev., § 187.) The point was raised at the trial by objections to the evidence and a motion for nonsuit. In overruling it we think the judge erred.

We are also of the opinion that it was error to admit evidence of the insolvency of Davies, Jones, Beckwith & Co., and that the defendants had indorsed for them. We are unable to see that it was relevant to the issue, and it is impossible to say that it did not prejudice the defendants in the minds of the jurors.

The judgment and order refusing a new trial should be reversed.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment and order refusing new trial reversed and new trial ordered, costs to abide event.